IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HESHAM MAGDI AHMED SALAH EL DEAN, <br> 2043 Wilson Blvd, Unit 589, <br> Arlington, VA 22216, <br><br> Plaintiff, <br><br> v. <br><br> HOWARD UNIVRSITY, <br> 2400 6th Street, NW, <br> Washington, D.C. 20059, <br><br> Defendant. | Case No._____ |

## COMPLAINT

1. Plaintiff Hesham Magdi Ahmed Salah El Dean (formerly known as Hesham Abbas) (hereinafter "Hesham") alleges that Defendant Howard University unlawfully discriminated and retaliated against him because of his disability and failed to properly accommodate his disability in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. Sections 1331, 2201 and 2202.

1

3. Venue is proper pursuant to 28 U.S.C. Sections 1391(b)(1) and (b)(2) because the events or omissions giving rise to Plaintiff's claim occurred within the District of Columbia, and Defendant Howard University is located in the District of Columbia.

## PARTIES

4. Plaintiff Hesham was enrolled as a student at the College of Dentistry at Howard University from August 18, 2019, until he was expelled on June 12, 2021.

5. At all relevant times, Hesham was diagnosed with Attention Deficit and Hyperactivity Disorder ("ADHD") and Anxiety Disorder.

6. At all relevant times, Hesham resided at 2043 Wilson Boulevard, Unit 589, Arlington, VA 22216.

7. Upon information and belief, Defendant Howard University is a private federally chartered historically black research university in Washington DC.

8. Upon information and belief, Defendant Howard University runs and operates the College of Dentistry, which is located at 2041 Georgia Avenue, Washington, DC 20060.

9. Upon information and belief, the registered agent for Howard University is John G. Gloster, Jr., 2400 6th Street, N.W., Suite 321, Washington, D.C. 20059.

## FACTS

10. Title III of the ADA prohibits discrimination by private entities that operate "public accommodations," including undergraduate and postgraduate colleges and universities. 42 U.S.C. Section 12181.

11. Defendant Howard University was aware of and had knowledge of Plaintiff's disability.

12. On February 9, 2021, the Director of the Office of Student Services ("OSS") at Howard University issued a memorandum approving an Accommodations Plan for the Plaintiff. According to this memorandum, Hesham was entitled to the following accommodations: (1) approval to record lectures and take snapshots of the board using recorder or smart devise to assist in notetaking, (2) double time to complete quizzes and examinations with breaks included, and (3) extended time to complete missed assignments.

13. On the morning of April 6, 2021, Plaintiff Hesham was suffering from an anxiety attack and e-mailed his professors that he would be late to the Endodontics class for the practical. Plaintiff requested that his late arrival be excused and that he be allowed to complete the exam within the allotted time.

14. Dr. Nesbitt denied Hesham's request and informed him that he would be marked absent for the day and could not take the practical.

15. Dr. Nesbitt did not comply with the Accommodations Plan and did not provide Hesham with additional time to complete the practical.

16. When Hesham attempted to use the remaining time in the class to complete the practical, Dr. Nesbitt filed charges against Hesham for disruptive behavior.

17. Hesham's actions in working on the practical during class time did not constitute a threat to the professors or other students.

18. Dr. Nesbitt's actions in failing to comply with the approved Accommodations Plan discriminated against Hesham because of his disability.

19. Dr. Nesbitt's action in filing charges against Hesham retaliated against him for exercising his rights pursuant to the ADA and the Rehabilitation Act.

20. Defendant Howard University should have investigated the incident and disciplined Dr. Nesbitt for failing to abide by the Accommodations Plan. Instead, on April 6, 2021, Dean Andrea Jackson sent a memorandum to Hesham notifying him that he was suspended from all activities held by the College of Dentistry for unprofessional behavior.

21. On April 8, 2021, Dean Jackson sent Hesham another memorandum notifying him that allegations of disruptive conduct on the morning of April 6, 2021, was referred to the Office of Student Conduct for investigation and adjudication. Hesham was informed that there would be no limitations on his participating in or access to the College of Dentistry activities or classes pending the outcome of his student conduct disciplinary matter. Dean Jackson further informed Hesham to contact Dr. Nesbitt to re-schedule the practical.

22. Defendant Howard University and Dr. Nesbitt, however, never permitted Hesham to reschedule his practical in violation of the Accommodations Plan.

23. On April 9, 2021, Howard University issued a Notice to Appear to Hesham for alleged violations of the Student Code of Conduct. Hesham was charged with "Disruptive Conduct" and "Failure to Comply/Non-compliance." Hesham was further notified that he was subject to an Emergency Action Suspension pending the resolution of Student Code of Conduct matter.

24. Defendant Howard University did not provide Hesham with the list of witnesses or evidence that was used against him in violation of the Student Code of Conduct.

25. Plaintiff Hesham was not permitted to have counsel or any other representative assist him during the virtual hearing.

26. Defendant Howard University failed to provide any accommodations to Hesham in defending himself against these charges. Due to his disability, Hesham was not able to properly defend himself during the hearing.

27. Defendant Howard University's hearing was unfair and prejudicial to the rights of Hesham Dean pursuant to the ADA and Rehabilitation Act.

28. On April 19, 2021, Howard University issued another Notice to Appear for the charge of "Forgery, Fraud, Dishonesty." The Notice to Appear did not explain the factual allegations underlying this charge.

29. Plaintiff Hesham requested that Howard University provide information regarding the charge, list of witnesses, and evidence related to the Forgery, Fraud, Dishonesty charge.

30. Defendant Howard University failed to provide Plaintiff relevant information regarding the charge prior to the hearing in violation of the Student Code of Conduct. Defendant Howard University did not provide any accommodations to Plaintiff during the hearing, and the hearing was unfair and prejudicial to Plaintiff's rights in violation of the ADA and the Rehabilitation Act.

31. Plaintiff was denied his rights to a fair and impartial hearing because the members on the hearing panel were biased against Plaintiff and called him "a crackpot doctor," a derogatory term referring to this disability.

32. On June 10, 2021, Howard University issued a Notice of Findings, which found that Plaintiff was responsible for submitting false information on his Dental School application and was expelled from the University.

33. Defendant Howard University's decision to expel Hesham for submitting false information on his application from more than three years ago constituted retaliation for Plaintiff exercising his rights pursuant to the ADA and the Rehabilitation Act.

34. On June 24, 2021, Howard University issued a Notice of Findings, which found that Plaintiff was responsible for charges of Disruptive Conduct and Failure to Comply/Non-Compliance and issued a Disciplinary Warning/Reprimand.

35. Defendant Howard University's decision to reprimand Plaintiff for disruptive conduct constituted retaliation for Plaintiff exercising his rights pursuant to the ADA and the Rehabilitation Act.

### FIRST CLAIM FOR RELIEF
### (ADA CLAIM)

36. Plaintiff incorporates Paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff Hesham Dean is an individual with a "disability" within the meaning of the ADA because he has a mental impairment that substantially limits one or more major life activities, including learning, reading, concentrating, thinking and communicating.

38.` Defendant Howard University is a "public accommodation" within the meaning of ADA, 42 U.S.C. Section 12181.

39. Pursuant to Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. Section 12182.

40. The ADA further prohibits any form of retaliation against an individual for exercising his or her rights, including but not limited to opposing an unlawful act or practice,

making a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing.  42 U.S.C. Section 12203.

41. Defendant Howard University unlawfully discriminated against the Plaintiff by failing to provide him additional time to complete the practical and by failing to reschedule the practical in accordance with the Accommodations Plan.

42. Defendant Howard University unlawfully discriminated against the Plaintiff by failing to discipline or reprimand Dr. Nesbitt for failure to comply with the Accommodations Plan.

43. Defendant Howard University unlawfully discriminated against the Plaintiff by failing to enforce the terms of the Accommodations Plan.

44. Defendant Howard University unlawfully discriminated against the Plaintiff by denying him a fair and impartial hearing and failing to provide reasonable accommodations to Plaintiff during the hearing.

45. Defendant Howard University unlawfully retaliated against Plaintiff for attempting to exercise his rights by charging him with Forgery and Fraud.

46. Defendant Howard University unlawfully retaliated against Plaintiff by expelling Plaintiff for providing false information on his admission application.

47. Due to Defendant's retaliatory actions, Plaintiff is unable to obtain his doctorate degree in dentistry and has suffered and will continue to suffer monetary damages.  Plaintiff paid Defendant Howard University approximately $175,000 for tuition, room and board, and other ancillary costss for the first two years of dentistry program, the benefits of which he lost when he was unfairly discriminated against, retaliated against, and expelled from the school.

48. Plaintiff's career as dentist and future earning potential was destroyed when Defendant Howard University unfairly discriminated against, retaliated against, and expelled him from the school. Plaintiff's lost earning potential is estimated at $5.28 million.

49. Plaintiff seeks declaratory relief that Defendant Howard University unlawfully discriminated against him by failing to provide him with reasonable accommodations for his disability.

50. Plaintiff seeks declaratory relief that Defendant Howard University unlawfully retaliated against him by charging him and expelling him for providing false information on his admissions application.

51. Plaintiff seeks injunctive relief ordering Defendant Howard University to re-enroll Plaintiff as a student in the College of Dentistry and requiring all professors at Howard University to provide Plaintiff with reasonable accommodations as stated in the Accommodations Plan.

## SECOND CLAIM FOR RELIEF
## (REHABILITATION ACT CLAIM)

52. Plaintiff incorporates Paragraphs 1 through 51 as though fully set forth herein.

53. Section 504 of the Rehabilitation Act provides that no "qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. Section 794.

54. Defendant Howard University is a "program or activity" that receives Federal financial assistance within the meaning of the Rehabilitation Act. 29 U.S.C. Section 794(b).

55. A recipient of Federal financial assistance from the U.S. Department of Education is required to comply with regulations promulgated at 34 C.F.R. Part 104.

56. Defendant Howard University was required to provide Plaintiff with "modifications to its academic requirements that are necessary to ensure that such requirements do not discriminate or have the effect of discriminating on the basis of handicap, against a qualified handicapped applicant or student . . . Modifications may include changes in the length of time permitted for the completion of degree requirements, substitution of specific courses required for the completion of degree requirements, and adaptation of the manner in which specific courses are conducted." 45 C.F.R. Section 104.44(a).

57. Defendant Howard University failed to provide modifications necessary for Plaintiff to complete the practical, including but not limited to providing Plaintiff additional time to complete the practical and/or allowing Plaintiff to re-schedule the practical.

58. Defendant Howard University "may not impose upon handicapped students other rules, such as the prohibition of tape recorders in the classroom or of dog guides in campus buildings, that have the effect of limiting the participation of handicapped students in the recipient's education program or activity." 45 C.F.R. Section 104.44(b).

59. Defendant Howard University unlawfully refused to allow Plaintiff to use the remaining time in the class to work on the practical and thereby limited Plaintiff's ability to access and complete his coursework.

60. Defendant Howard University was required to "provide such methods for evaluating the achievement of students who have a handicap that impairs sensory, manual, or speaking skills as will best ensure that the results of the evaluation represents the student's achievement in the course, rather than reflecting the student's impaired sensory, manual, or speaking skills . . ." 45 C.F.R. Section 104.44(c).

61. Defendant Howard University failed to provide a method for evaluating Plaintiff's ability to complete the practical that would take into consideration Plaintiff's disability.

62. Defendant Howard University unlawfully discriminated against the Plaintiff by failing to provide him additional time to complete the practical and/or by failing to reschedule the practical in accordance with the Accommodations Plan.

63. Defendant Howard University unlawfully discriminated against the Plaintiff by failing to discipline or reprimand Dr. Nesbitt for failure to comply with the Accommodations Plan.

64. Defendant Howard University unlawfully discriminated against the Plaintiff by failing to enforce the terms of the Accommodations Plan.

65. Defendant Howard University unlawfully discriminated against the Plaintiff by denying him a fair and impartial hearing and failing to provide reasonable accommodations to Plaintiff during the hearing.

66. Defendant Howard University unlawfully retaliated against Plaintiff for attempting to exercise his rights by charging him with Forgery and Fraud.

67. Defendant Howard University unlawfully retaliated against Plaintiff by expelling Plaintiff for providing false information on his admission application.

68. Due to Defendant's retaliatory actions, Plaintiff is unable to obtain his doctorate degree in dentistry and has suffered and will continue to suffer monetary damages. Plaintiff paid Defendant Howard University approximately $175,000 for tuition, room and board, and other ancillary costs for the first two years of dentistry program, the benefits of which he lost when he was unfairly discriminated against, retaliated against, and expelled from the school.

69. Plaintiff's career as dentist and future earning potential was destroyed when Defendant Howard University unfairly discriminated against, retaliated against, and expelled him from the school. Plaintiff's lost earning potential is estimated at $5.28 million.

70. Plaintiff seeks declaratory relief that Defendant Howard University unlawfully discriminated against him by failing to provide him with reasonable accommodations for his disability.

71. Plaintiff seeks declaratory relief that Defendant Howard University unlawfully retaliated against him by charging him and expelling him for providing false information on his admissions application.

72. Plaintiff seeks injunctive relief ordering Defendant Howard University to re-enroll Plaintiff as a student in the College of Dentistry and requiring all professors at Howard University to provide Plaintiff with reasonable accommodations as stated in the Accommodations Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court will grant the following relief:

A. Declare that Defendant Howard University unlawfully discriminated and retaliated against Plaintiff in violation of the ADA and Rehabilitation Act;

B. Enjoin the Defendant Howard University to re-enroll Plaintiff as a student in the College of Dentistry and enforce the terms of the Accommodation Plan;

C. Award compensatory damages in the amount of $5,455,000;

D. Award attorney fees and costs to be determined; and

E. Provide such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Nancy Kim*

Nancy M. Kim, Esq. (Bar No. #473666)
Lange Kim & Dowell LLP
6849 Old Dominion Drive, Suite 225
McLean, VA 22101
Tel: (703) 506-1051
nancy@langethomas.com

Counsel for Plaintiff

Dated: August 17, 2022