**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**HESHAM MAGDI AHMED SAL DEAN**,

Plaintiff,

v.

**HOWARD UNIVERSITY**,

Defendant.

---

Civil Action No. 1:22-cv-02445 (TSC)

**MEMORANDUM OPINION**

Plaintiff Hesham Magdi Ahmed Salah El Dean is a former student at Defendant Howard University's College of Dentistry.  Am. Compl. ¶¶ 4, ECF No. 4.  On August 17, 2022, he sued Howard, claiming that it illegally retaliated against him for asserting his rights to academic accommodations, in violation of the District of Columbia's Human Rights Act ("DCHRA"), Americans with Disabilities Act ("ADA"), and Rehabilitation Act.  Defendant now moves to dismiss this suit under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims are time-barred.  Defs' Mot. to Dismiss, ECF No. 6.  The court agrees that Plaintiff's claims are untimely and will GRANT Defendant's motion.

## I.      BACKGROUND

As it must on a motion to dismiss, the court accepts Plaintiff's allegations as true.

Plaintiff was enrolled at Howard's College of Dentistry between August 18, 2019, and June 12, 2021, and at all relevant times was diagnosed with attention deficit hyperactivity disorder ("ADHD") and anxiety disorder.  Am. Compl. ¶¶ 4, 5.  On February 9, 2021, the Director of the Office of Student Services approved an accommodations plan for Plaintiff which entitled him to "(1) approval to record lectures and take snapshots of the board using recorder or

1

smart devise to assist in notetaking, (2) double time to complete quizzes and examinations with breaks included, and (3) extended time to complete missed assignments." *Id.* at 12.

On April 6, 2021, Plaintiff suffered an anxiety attack, notified his professor via email that he would be arriving late to take a practical exam, and asked the professor to excuse his tardiness and allow him to take the exam. *Id.* ¶ 13. The professor, Dr. Nesbitt, denied Plaintiff's request and told him that he was not allowed to take the exam. *Id.* ¶ 14. Despite Dr. Nesbitt's instructions, Plaintiff "attempted to use the remaining time in the class to complete the practical," and Dr. Nesbitt "filed charges against [him] for disruptive behavior." *Id.* ¶ 16. Plaintiff was subsequently found responsible for "Disruptive Conduct" and "Failure to Comply/Non-Compliance," and was given "a Disciplinary Warning/Reprimand." *Id.* ¶ 34.

Following the April practical, Defendant issued Plaintiff a "Notice to Appear for the charge of 'Forgery, Fraud, Dishonesty.'" *Id.* ¶ 28. On June 10, 2021, Defendant expelled Plaintiff for submitting false information on his admission application. *Id.* ¶¶ 32–33.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a plaintiff may survive a Rule 12(b)(6) motion even where it appears "recovery is very remote and unlikely[,]" the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citation and quotation marks omitted). A pleading must, therefore, offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Further, even a well-

pleaded complaint may be dismissed when it is "clear from the face of the complaint" that the plaintiff's claims are outside of the applicable statute of limitations. *Adams v. District of Columbia*, 740 F.Supp.2d 173, 180 (D.D.C. 2010) (citing *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)).

### III.    ANALYSIS

Plaintiff was expelled by Defendant on either June 10 or June 12, 2021, Am. Compl. ¶¶ 4, 32, and he did not sue until August 17, 2022.

All claims brought under the DCHRA have a one-year statute of limitations, *see* D.C. Code § 2-1403.16 (stating that "[a] private cause of action pursuant to this chapter shall be filed . . . within one year of the unlawful discriminatory act, or the discovery thereof").

Because the ADA and Rehabilitation Act do not specify a limitations period, "courts generally borrow one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." *Alexander v. Washington Metro. Area Transit Auth.*, 826 F.3d 544, 551 (D.C. Cir. 2016)  (internal citation and quotations omitted); *see also Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so").

District of Columbia federal and local courts have found the DCHRA to be the most analogous local law to the ADA and Rehabilitation Act. *See Jaiyeola v. District of Columbia*, 40 A.3d 356, 367 (D.C. 2012) (finding that Rehabilitation Act is most analogous to the DCHRA because both "create private causes of action for individuals who have been victimized by disability discrimination," have a "shared purpose and ambitious aims" to eliminate disability discrimination, and "employ substantially the same definition of the term 'disability'"); *Brickhouse v. Howard Univ.*, 2021 WL 3007670 at *2 (D.D.C. Feb. 11, 2021) ("Post-*Jaiyeola*

district court authority is therefore virtually uniform: the DCHRA's one-year limitations period
applies to disability discrimination claims under the Rehabilitation Act and the ADA").

Despite binding D.C. Circuit precedent in *Alexander*, 826 F.3d at 551–52, requiring the
court to look to District of Columbia law in determining a limitations period, and this District's
uniform application of the DCHRA's one-year limitations period to ADA and Rehabilitation Act
claims, Plaintiff urges this court to apply the catchall four-year statute of limitations period,
under 28 U.S.C. § 1658, to his ADA and Rehabilitation Act claims.  *See* Pl. Opp. Mot. to
Dismiss at 1–2, ECF No. 7.

On December 1, 1990, Congress enacted a catchall four-year limitations period for "a
civil action arising under an Act of Congress enacted after the date of the enactment of this
section."  28 U.S.C. § 1658.

In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004), the Supreme Court
considered whether plaintiffs' race-based workplace discrimination claims—alleging violations
of 42 U.S.C. § 1981 (a pre-1990 statute), as amended by the Civil Rights Act of 1991—was
subject to the § 1658 four-year statute of limitations or the most analogous state personal injury
statute of limitations.  The Court interpreted the four-year limitations period to only apply to
statutory amendments "if the plaintiff's claim against the defendant was made possible by a post-
1990 enactment."  *Id*. at 382.  It further explained:

> That construction best serves Congress' interest in alleviating the uncertainty
> inherent in the practice of borrowing state statutes of limitations while at the
> same time protecting settled interests.  It spares federal judges and litigants the
> need to identify the appropriate state statute of limitations to apply to new claims
> but leaves in place the "borrowed" limitations periods for pre-existing causes of
> action, with respect to which the difficult work already has been done.

*Id*.  Finally, the Court held that plaintiffs' claims were indeed "made possible" by the 1991 Act
because the Supreme Court had previously held that "racial harassment relating to the conditions

of employment is *not actionable* under § 1981." *Id*. at 383 (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 171 (1989) (emphasis in original)).

Here, Plaintiff contends that § 1658 applies to his ADHD-based ADA claim because it "may [have] been dismissed for a failure to state a claim prior to" enactment of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). Pl. Opp. Mot. to Dismiss at 3. Nonetheless, whether Plaintiff's ADA claim is more likely to be covered because of the ADAAA does not mean it was "made possible" by the amendment. Pre-ADAAA, ADHD could qualify as a disability under the ADA if "the extent of the limitation in terms of [plaintiff's] own experience . . . is substantial." *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999); *see also Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 155 (1st Cir. 1998) (holding that "a plaintiff diagnosed with ADHD may have a mental impairment within the meaning of the [ADA]"). And in this District, ADA claims based on an ADHD disability were not foreclosed. *See Steere v. George Washington Univ. Sch. of Med. & Health Scis.*, 439 F. Supp. 2d 17, 24 (D.D.C. 2006) (holding that the "plaintiff has not demonstrated that the extent of his ADHD is substantial in terms of his own experience"). Since avenues existed to bring such claims under the ADA before the ADAAA, the court cannot find that Plaintiff's ADA cause of action is made possible by the ADAAA. Consequently, a one-year of statute of limitations applies to his ADA claim.

Next, Plaintiff argues that his retaliation claim arises under the Rehabilitation Act Amendments of 1992 ("RAA"), Pl's Opp'n at 5, but this argument is equally unpersuasive because retaliation claims under the Rehabilitation Act predate the RAA. *See, e.g., Thorne v. Cavazos*, 744 F. Supp. 348, 350 (D.D.C. 1990) (denying a motion to dismiss a plaintiff's "retaliation claims he assert[ed] pursuant to the Rehabilitation Act").

Arguing in the alternative, Plaintiff advocates for a three-year limitations period because "the majority of circuits that have found that the state personal injury statute of limitations is appliable to ADA and Rehabilitation claims."  Pl's Opp'n at 5.  But that is not the law in this Circuit.  *See e.g., Brickhouse*, No. 20-CV-1197 (CRC), 2021 WL 3007670, at *2.

Given that a one-year statute of limitations period applies to all of Plaintiff's claims, and he filed suit more than one year after the events that give rise to his action, this case will be dismissed with prejudice.

## IV.     CONCLUSION

For these reasons, the Court will GRANT Defendant's Motion to Dismiss with prejudice. A corresponding Order will accompany this Memorandum Opinion.


Date: July 28, 2023


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge